## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 06 2019, 9:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas C. Allen
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher A. Watson,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | December 6, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1864<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D05-1707-F5-187 |

**Brown, Judge.**

[1] Christopher Watson appeals his sentence for dealing in a narcotic drug as a level 5 felony and asserts his sentence is inappropriate. We affirm.

*Facts and Procedural History*

[2] On February 7, 2017, Watson sold 0.2 grams of heroin to an undercover officer. On July 11, 2017, the State charged him with dealing in cocaine or a narcotic drug as a level 5 felony. On August 28, 2017, he pled guilty, and the court placed him into the drug court diversion program and took the plea under advisement. On September 12, 2017, he submitted a diluted drug screen. On September 17, 2018, the court ordered him to serve one night in jail as a sanction for violating drug court rules. He failed to appear for drug screens on October 16, 2017, April 30, 2018, August 22, 2018, and September 12, 2018.

[3] On May 6, 2019, the State filed a verified petition to terminate Watson's participation in the drug court program and alleged he violated the terms of the program by testing positive for codeine on April 16, 2019. On May 31, 2019, Watson admitted to the allegation. The court found that Watson violated the terms and conditions of the program and revoked his placement in drug court.

[4] At the sentencing hearing, Watson's counsel requested a suspended sentence of three years. The prosecutor stated that a sentence between that recommendation and the probation department's recommendation of six years with three years executed would be warranted, asked for a portion of the sentence to be executed and the balance to be suspended, and asked the court

"to sentence at least the advisory sentence range." Transcript Volume II at 11. Watson stated:

> I appreciate the opportunity to be on the program. I apologize for not successfully completing the program, but remaining at the Thirteen Step House would keep me close to my support group and my sponsor, who frequents the house, and it will allow me to continue in my recovery. I still have my job and I'm more than sure that I'm going to go places in that job. They already want me to be a shift manager. I have goals and plans that, basically, getting me back on my feet and do the right thing and not run or anything. I've been completely honest with you this entire time and I hope that shows. I really just want to get my life back together. I have no desire to do drugs or alcohol. I just hope that you show mercy.

*Id.* at 11.

[5] The court found Watson guilty citing his guilty plea and remorse as mitigators and his criminal record with failed efforts at rehabilitation as an aggravator. The court noted that his failed efforts at rehabilitation covered "a period of time from 2016 to 2019, where you have two misdemeanor convictions, where you were given a short jail sentence with suspended jail and then execute time, Caring About People treatment, and then, ultimately, the Drug Court Program." *Id.* at 12. The court sentenced him to the Department of Correction for three years.

## *Discussion*

[6] Watson argues that his sentence is inappropriate and that the offense was less severe than most level 5 felonies because the quantity involved was 0.2 grams of

heroin.  He also asserts that he pled guilty, demonstrated remorse, was motivated to be involved in treatment, and had been employed.  He requests that his sentence be modified to three years suspended on the condition that the remainder of his sentence be served on probation with services at the Thirteen Step House treatment facility.

[7]     Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate.  *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).  Ind. Code § 35-50-2-6 provides that a person who commits a level 5 felony shall be imprisoned for a fixed term between one and six years with the advisory sentence being three years.

[8]     Our review of the nature of the offense reveals that Watson sold heroin to an undercover officer.  Our review of the character of the offender reveals that he pled guilty as charged and was placed in the drug court diversion program until he tested positive for codeine.  He apologized for failing to successfully complete the program.  He worked for three or four months in 2014 at a restaurant, between October 2017 and February 2018 as an apprentice, and between April 2018 and September 2018 as a line cook.  He has convictions for conversion as a class A misdemeanor in 2016 and possession of paraphernalia as a class C misdemeanor in 2017.  The presentence investigation report (the "PSI") indicates that he admitted he began using marijuana at age sixteen and

used it three times per week until he was twenty-nine years old; used cocaine when he was twenty years old until he was twenty-three years old; experimented with ecstasy twice when he was twenty-three or twenty-four years old; and used heroin daily from age twenty-seven until age twenty-nine.

[9] The PSI indicates that Watson reported participating in substance abuse treatment at Park Center in 2018, at Critical Thinking Errors in 2019, through the support groups provided by the halfway house where he resided since June 2017 until his present incarceration, and at Alcoholics Anonymous, Cocaine Anonymous, and Heroin Anonymous four or five times per week since June 2017 until his present incarceration. It indicates that he denied ever using codeine but also stated: "I accept what happened. I know that I did wrong and that is why all of this is happening." Appellant's Appendix Volume II at 58. It also indicates that Watson began the Allen Superior Court Drug Program on August 28, 2017, submitted a diluted drug screen on September 12, 2017, and failed to appear for four drug screens between October 2017 and September 2018. The PSI also states that his overall risk assessment score using the Indiana risk assessment system places him in the moderate risk category to reoffend. After due consideration, we conclude that Watson has not sustained his burden of establishing that the advisory sentence is inappropriate.

[10] For the foregoing reasons, we affirm Watson's sentence.

[11] Affirmed.

Baker, J., and Riley, J., concur.